# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * *   *
DEBORAH EASTERBROOK,                  *
                                      *   No. 17-91V
                 Petitioner,          *   Special Master Christian J. Moran
                                      *
v.                                    *   Filed: September 27, 2018
                                      *
SECRETARY OF HEALTH                   *   Attorneys' fees and costs
AND HUMAN SERVICES,                   *
                                      *
                 Respondent.          *
* * * * * * * * * * * * * * * * * *   *
```

<u>Randall G. Knutson</u>, Knutson & Casey Law Firm, Mankato, MN, for Petitioner;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Deborah Easterbrook prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded the amount requested, $21,124.95.

\*      \*      \*

Represented by attorney Randall G. Knutson, Ms. Easterbrook filed her petition on January 23, 2017, alleging that the tetanus-diphtheria-acellular pertussis and influenza vaccines caused her to suffer transverse myelitis. After discussions, the parties resolved this case. The parties submitted a stipulation that a decision incorporated. <u>Decision</u>, 2018 WL 614977 (Jan. 2, 2018).

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

On March 22, 2018, Ms. Easterbrook filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of  $20,394.95, comprised of $19,272.50 in attorneys' fees and $1,122.45 in attorneys' costs.  Ms. Easterbrook did not incur any costs.

On the same day, the Secretary filed a response to Ms. Easterbrook's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed Mar. 22, 2018, at 2.  With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

While the motion for attorneys' fees and costs was pending, the Court of Federal Claims was resolving an issue over the process by which special masters could resolve motions for attorneys' fees.  See McIntosh v. Sec'y of Health & Human Servs., No. 16-29V, 2018 WL 3343249 (Fed. Cl. Spec. Mstr. June 14, 2018).

After the Court of Federal Claims held that special masters have a duty to determine the reasonableness of fee requests, the undersigned issued an order for more information from Ms. Easterbrook and the Secretary.  Ms. Easterbrook responded and sought an additional $730.00.  The Secretary also responded. Ultimately, the Secretary stated: "Respondent has no specific objection to the underlying fee application in this case. . . . Thus, respondent does not object to the total of $20,394.95 requested in the fee application as being unreasonable." Resp't's Resp., filed Aug. 15, 2018, at 15.  Respondent did not address the additional $730.00 sought by Ms. Easterbrook.

This matter is now ripe for adjudication.

*     *     *

Because Ms. Easterbrook received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## I.    Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the

2

number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.   Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Ms. Easterbrook requests compensation for Attorney Knutson, as well as a paralegal who assisted him.  Ms. Easterbrook suggests that $365 per hour is a reasonable hourly rate for Mr. Knutson's work in 2017, and $130 per hour is a reasonable hourly rate for the paralegal.  Ms. Easterbrook supports her proposal with affidavits and a law firm billing rate survey.  Although given an opportunity to contest this evidence, the Secretary "decline[d] to re-litigate those issues here." Resp't's Resp., filed Aug. 15, 2018, at 15. The proposed rates are reasonable.

B.   Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See Shea v. Sec'y of Health & Human Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The Secretary did not identify any excessive hours.  <u>See</u> Resp't's Resp., filed Aug. 15, 2018, at 15.  The proposed hours are reasonable.

## II.   Costs

In addition to seeking an award for attorneys' fees, Ms. Easterbrook seeks compensation for costs expended, totaling $1,122.45.  The costs are for routine items such as medical records and the filing fee, are reasonable and adequately documented.  Ms. Easterbrook is awarded them in full.

\*      \*      \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $21,124.95 ($20,002.50 in fees and $1,122.45 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $21,124.95 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $21,124.95 in the form of a check made payable to petitioner and petitioner's attorney, Randall G. Knutson, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.